IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Brenda H. Rivers, | ) | Civil Action No. 2:18-2032-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Dianne Goodstein, South Carolina State Court Judge, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 14) recommending that Plaintiff's Amended Complaint be dismissed with prejudice as factually and legally frivolous. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses this action with prejudice.

**I.   Background**

Brenda Rivers brought this action *pro se* with a "civil/criminal complaint Intentional Tort action" and "writ for notice of removal from the Courts of General Sessions to the US District Courts of the 14th District in Charleston." (Dkt. No. 1 at 1.) Because the Original Complaint reflected pleading deficiencies making it subject to dismissal, the Magistrate Judge gave Plaintiff notice of leave to amend pursuant to Federal Rule of Civil Procedure 15 and the Court of Appeals for the Fourth Circuit's holding in *Stinnie v. Holcomb*, 734 Fed. Appx. 858 (4th Cir. May 23, 2018). (Dkt. No. 7.) Plaintiff filed an Amended Complaint alleging that Defendant Goodstein, a state court judge allegedly presiding over criminal proceedings against Plaintiff and her husband, is "guilty of committing the criminal offenses" such as "slander," "character assassination," "fraudulent issue of bench warrant," "malfeasance" and "breaking and entering." (Dkt. No. 9 at 2.) In the Amended Complaint, Plaintiff seeks relief in the form of, for example,

"[d]ismiss[ing] unconditionally with prejudice the counterfeit charges intimidation of a judge and failure to appear" and ordering Defendant Goodstein "to reimburse the Plaintiff $4,000.00 posted cash bail bond unlawfully impose against the Plaintiff" and to "pay compensation in the amount of twenty thousand (20,000.00) dollars in legal tender for the pain and suffering of the Plaintiff." (*Id.* at 9.) Plaintiff identifies herself as "Branda H. Rivers™©, Sui Juris" and "Authorized Representative for 'debtor' Civil/Criminal Complaint Intentional Torts Action." (Dkt. Nos. 1 at 1, 9 at 11.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably analyzed the pleadings and correctly identified that Plaintiff's case should be dismissed with prejudice as factually and legally frivolous. The Court has inherent authority to dismiss a frivolous complaint bringing claims with no "arguable basis in law or fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to

dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."). Here, when given an appropriately liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), Plaintiff's pleadings remain incomprehensible. For example, the Amended Complaint references Defendant issuing a bench warrant against Nyah El Dey as "racist attempts to apprehend" this individual, as well as "criminal trespassing constituting a runoff drainage connected to the outfall ditches that during heavy rains cause's massive flooding" relating to Plaintiff's "proof that there was never an easement" on a specific plot of land. (Dkt. No. 9 at 8-9.) The Original Complaint was similarly unintelligible, referencing search warrants, searches and arrests, a 2016 civil lawsuit, bomb threats resulting in her son's car being impounded, and contaminated mail, as well as requests dismissal of various criminal charges against herself and others. (Dkt. No. 1.)

In short, Plaintiff does not allege any factual or legal basis for any cognizable claim or private right of action. Because the Court "lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Ross*, 493 Fed. Appx. at 406.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 14) as the Order of the Court. Plaintiff's Amended Complaint (Dkt. No. 9) is **DISMISSED WITH PREJUDICE** and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 27, 2018
Charleston, South Carolina